UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KANTA DATT, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>WELLS FARGO BANK, N.A.,<br><br>　　　　Defendant. | Case No. 5:19-cv-01216-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**<br><br>Re: Dkt. Nos. 8, 21 |

Plaintiffs Kanta and Ram Datt allege that Defendant Wells Fargo Bank fraudulently, negligently, and willfully caused Plaintiffs to pay excessive mortgage and interest payments. *See* Complaint ("Compl."), Dkt. 1. Plaintiffs, however, have already litigated most of the claims arising from the alleged overcharging in state court and are thus foreclosed from relitigating them again. The claim not previously litigated is time-barred.[1] The Court finds this motion suitable for consideration without oral argument. *See* N.D. Cal. Civ. L.R. 7-1(b). Having considered the Parties' papers, Defendant's motion to dismiss is **GRANTED** with prejudice and Plaintiff's motion for leave to file an amended complaint is **DENIED.**

---

[1] This should not be construed as making a judgment about the scope of res judicata. Plaintiffs' Fair Credit Reporting Act ("FCRA") claim could also be dismissed on res judicata grounds since it arises out of the same transaction or occurrence and thus *could* have been raised in the earlier state action. *See Allen v. McCurry*, 449 U.S. 90, 95 (1980) ("Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that *were or could have been raised* in that action. . . . The federal courts generally have also consistently accorded preclusive effect to issues decided by state courts." (emphasis added)). That issue, however, was not briefed by the Defendant and so the Court does not address it. *See Neff v. Flagstar Bank, FSB*, 520 F. App'x 323, 326–27 (6th Cir. 2013) (holding district court erred by raising res judicata defense sua sponte).

## I. BACKGROUND

### A. Factual Background

On August 14, 2007, Plaintiffs took out a 30-year mortgage from World Savings Bank. Compl. at 2.[2] Wachovia acquired World Savings Bank on December 31, 2008, then Wells Fargo acquired Wachovia. *Id.*; *see also* Scott G. Alvarez, *The Acquisition of Wachovia Corporation by Wells Fargo & Company*, FED. RES. (Sept. 1, 2010), https://www.federalreserve.gov/newsevents/testimony/alvarez20100901a.htm. In December 2009, Plaintiffs and Defendant entered into a loan modification agreement, which lowered the loan balance. Compl. at 3. The term of the modified loan was forty years, with the payments during the first five years set as "interest only." *Id.*

Around 2012, Plaintiffs defaulted on their loan by failing to make two payments. *Id.* Plaintiffs claim they made-up the delinquent loan payments in 2013 and made all scheduled loan payments until the loan was paid off in 2018. *Id.* In January 2016, Plaintiffs attempted to refinance their loan. *Id.* Defendant, however, advised them that because they missed two payments in the past 24 months, they were ineligible to refinance the loan. *Id.* Plaintiffs and/or their agents then began "calling Defendant to determine why Defendant had reported their payments as being late, when all payments since the modification had been timely to the best of Plaintiffs' knowledge." *Id.* Plaintiffs allegedly possessed documentation showing the same. *Id.* Plaintiffs then attempted to refinance their loan at another institution but were denied due to the late payments on their credit report. *Id.*

Plaintiffs allege that Defendant eventually "confirmed that there was an accounting error made and Plaintiffs had not actually missed or made any late payments," but still refused to correct the problems so that Plaintiffs could complete the refinance. *Id.* at 4. The 2016 error, thus,

---

[2] As noted by Defendant, Plaintiffs' Complaint does not comply with Federal Rule of Civil Procedure 10(b), which states that "[a] party must state its claims or defenses in numbered paragraphs." Even after Defendant notified Plaintiffs of this requirement, Plaintiffs submitted an amended complaint without numbered paragraphs. *See* Motion for Leave to File an Amended Complaint, Dkt. 22, Ex. A. Due to the lack of numbered paragraphs, the Court cites to the Complaint by page number.

Case No.: 5:19-cv-01216-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

2

continued to cause Plaintiffs to pay a higher interest rate and more money per month because it prevented them from refinancing. *Id.* It also caused Plaintiffs to be charged "excess late penalties and fees." *Id.*

Ultimately, Plaintiffs were able to refinance with Chase Bank. Defendants accepted $750,388.68 in April 2018 as full payment of the loan. *Id.* Plaintiffs claim the $750,388.68 was inflated due to the allegedly incorrect accounting of Plaintiff's loan. *Id.* at 5.

Plaintiffs assert three claims in their first complaint: (1) fraud, (2) violations of the FCRA, and (3) violations of the Home Owners Loan Act ("HOLA"); they seek to recover punitive damages based on the fraud claim. *See generally* Compl. In their amended complaint, Plaintiffs continue to seek punitive damages and assert four claims: (1) fraud, (2) violations of the FCRA, (3) negligence, and (4) violations of California Business & Professions Code § 17200 *et seq*. Dkt. 22, Ex. A.

### B. Procedural History

On March 6, 2019, Plaintiffs filed this action. *See* Dkt. 1. About a month later, on April 4, 2019, Defendant filed a Motion to Dismiss Plaintiffs' Complaint. Motion to Dismiss ("Mot."), Dkt. 8. On April 18, 2019, Plaintiffs filed an opposition to this motion. Opposition/Response re Motion to Dismiss ("Opp."), Dkt. 18. Defendant filed a reply. Reply re Motion to Dismiss ("Reply"), Dkt. 19.

On September 25, 2019, Plaintiffs filed a motion for leave to file an amended complaint. Notice of Motion and Motion for Leave to File First Amended Complaint ("Mot. AC"), Dkt. 21, 22. Defendant filed an opposition to this motion. Opposition re Motion for Leave to File ("Opp. AC"), Dkt. 27. Plaintiffs did not submit a reply. *See* N.D. Cal. Civ. L.R. 7-3(c) (requiring reply be filed within 7 days after the opposition was due).

Before Plaintiffs initiated this action, they pursued an action in state court. On December 29, 2017, the state court granted Defendant's motion for summary adjudication on Plaintiffs' fraud and Section 17200 claims and request for punitive damages. Declaration of Alejandro E. Moreno

Case No.: 5:19-cv-01216-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

3

("Moreno Decl."), Dkt. 27, Ex. 3 at 2. On January 2, 2018, the state court granted Defendant's motion for summary adjudication on Plaintiffs' negligence claim. *Id.* Additionally, on January 26, 2018, the state court dismissed Defendant, with prejudice and entered judgment in Defendant's favor for all causes of action raised in the complaint (fraud, negligence, violations of Section 17200, and punitive damages). *Id.*

## II. LEGAL STANDARDS

### A. Motion to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing Federal Rule of Civil Procedure 8(a)(2)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The requirement that the court must "accept as true" all allegations in the complaint is "inapplicable to legal conclusions." *Id.*

Dismissal can be based on "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A statute-of-limitations defense, if "apparent from the face of the complaint," may be raised in a motion to dismiss. *Seven Arts Filmed Entm't Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013). When a claim or portion of a claim is precluded as a matter of law, that claim may be dismissed pursuant to Rule 12(b). *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 975 (9th Cir. 2010) (discussing Rule 12(f) and noting that 12(b)(6), unlike Rule 12(f), provides defendants a mechanism to challenge the legal sufficiency of complaints).

### B. Res Judicata

Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in the earlier action. *Allen*, 449

Case No.: 5:19-cv-01216-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT
4

U.S. at 95. Federal courts must afford state court judgments the same preclusive effect as the judgment would have in that state's own courts. *Clements v. Airport Auth. Of Washoe Cty.*, 69 F.3d 321, 326 (9th Cir. 1995). This reduces unnecessary litigation, fosters reliance on adjudication, and promotes comity between the state and federal courts. *Allen*, 449 U.S. at 95–96. Res judicata is an affirmative defense—the defendant must affirmatively assert res judicata or else it may be waived. *See* Fed. R. Civ. Pro. 8(c)(1).

### C. Motion for Leave to File an Amended Complaint

In determining whether leave to amend is appropriate, the district court considers "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (noting amendments should be granted with "extreme liberality"); Fed. R. Civ. Pro. 15(a) (2) (court should freely allow amendment when "justice so requires."). If leave to amend would be futile, the court may deny leave. *See Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990) ("It is not an abuse of discretion to deny leave to amend when any proposed amendment would be futile.").

### III. DISCUSSION[3]

#### A. Previously Litigated State Law Claims/Amended Complaint Motion

As stated above, three out of the four claims asserted in Plaintiffs' Amended Complaint are barred by res judicata—the fraud, Section 17200, and negligence claims and the request for punitive damages have already been litigated. Opp. AC at 3. Because Defendant did not assert res judicata in its first responsive pleading, it may be argued that Defendant waived res judicata.[4] *See*

---

[3] Plaintiffs no longer allege the HOLA claim in their amended complaint. To the extent the claim is still at issue, the Court agrees with Defendant that HOLA does not create a private cause of action for Plaintiffs' claims. Mot. at 10. Thus, this claim must be **DISMISSED** with prejudice as amending it would be futile. *See Burns Int'l, Inc. v. W. Sav. & Loan Ass'n*, 978 F.2d 533, 536 (9th Cir. 1992) (holding private HOLA cause of action unnecessary); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996) (dismissal with prejudice permissible if amendment would be futile).

[4] Plaintiffs did not submit a reply and so they did not respond to Defendant's use of res judicata.

Fed. R. Civ. P. 8(c)(1). Plaintiff, however, just asserted the negligence and Section 17200 claims; thus, Defendant could not have raised the defense of res judicata earlier for these claims.

As to the fraud claim and request for punitive damages, Defendant asserted res judicata as soon as it discovered the earlier state-court litigation. Thus, there was no undue delay or bad faith. Opp. AC at 3. Further, no prejudice to Plaintiffs would result by allowing Defendant to assert res judicata; it will cause "no delay in the proceedings and require[s] no additional discovery." *Owens*, 244 F.3d at 712; *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). Finally, it would not be futile for the Court to consider the res judicata defense because the state court has already litigated the exact issues at hand; there is no need to relitigate them again. *See Allen*, 449 U.S. at 95 (noting res judicata's importance in relieving parties of the cost and vexation of multiple lawsuits, conserving judicial resources, and preventing inconsistent decisions). This Court will thus consider Defendant's res judicata argument. *Cf. Owens*, 244 F.3d at 712 (considering res judicata defense in absence of bad faith, undue delay, prejudice to the opposing party, and/or futility).

The amended complaint is virtually identical to the complaints filed in the state court action. *Compare* Moreno Decl., Ex. 1 at 7, *with* Dkt. 22, Ex. A at ECF 13. Both the state court action and this action are based on the same operative facts—both allege causes of actions for fraud, negligence, and a Section 17200 violation arising from Defendant's alleged erroneous processing of the *same* mortgage payment. *See* Moreno Decl., Ex. 1 ¶¶ 6–13, 26, 32, 39; *Id.*, Ex. 2, ¶¶ 27–33; *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984) ("The judgment bars any further claim based on the same 'nucleus of facts,' . . . ."). The state court entered a Judgment of Dismissal, with prejudice, as to the fraud, Section 17200, negligence, and punitive damages issues. Moreno Decl., Ex. 3 at 2. Thus, because the state court proceeding involved the same parties and same claims, res judicata applies and Plaintiffs are foreclosed from relitigating the already-decided claims.

Accordingly, because res judicata bars the fraud, Section 21700, negligence and punitive

damages claims from being relitigated, granting Plaintiffs leave to amend would be futile. Defendant's motion to dismiss as to these claims is **GRANTED** and Plaintiffs' motion for leave to file an amended complaint is **DENIED.**

### B. The FCRA Claim

Plaintiffs also assert a FCRA claim. They argue that Defendant violated the FCRA when it made the January 2016 computation errors. Compl. at 6–7. Defendant argues the FCRA claim is time-barred because the statute of limitations has expired. Mot. at 5.

The FCRA claim is subject to a two-year statute of limitations. The claim must be brought within "2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability." 15 U.S.C. § 1681p. The two-years limitation period begins when the consumer discovers the alleged violation, *not* when the consumer discovers that the alleged violation affords him legal recourse. *See Mack v. Equitable Ascent Fin., LLC*, 748 F.3d 663, 665 (5th Cir. 2014). Plaintiffs, in response, argue that their FCRA cause of action accrued each time Plaintiffs made a loan payment to Wells Fargo. Opp. at 3. Plaintiffs, however, assert no precedent indicating the "continuous accrual doctrine" applies to FCRA claims. *Id.* In fact, contrary to Plaintiffs' assertion, precedent from this Circuit indicates a contrary rule. *See Syed v. M-I, LLC*, 853 F.3d 492, 507 (9th Cir. 2017) (holding statute of limitations runs on an FCRA claim on the date the violation was discovered by the plaintiff).

Here, Plaintiffs concede that they discovered the FCRA violation in January 2016. *See* Compl. at 3 ("Plaintiffs and/or their agents began calling Defendant to determine why Defendant had reported their payments as being late, when all payments since modification had been made timely to the best of *Plaintiff's knowledge*." (emphasis added)). The FCRA violation, thus, began to accrue on January 2016 when Plaintiff first learned of Defendant's alleged mistake. *See* Reply at 3. Any extra amounts Plaintiffs may have paid on their loan installment are injuries stemming from Defendant's alleged computation errors, *i.e.*, the mistakes Plaintiffs learned about in January 2016. Thus, Plaintiffs have not identified new FCRA violations because the entire claim is based

Case No.: 5:19-cv-01216-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

7

on the initial "erroneous" reporting of late loan payments. Accordingly, Plaintiffs' "date of discovery" of the FCRA violation was in January 2016 and thus Plaintiffs needed to bring a FCRA claim no later than January 2018. Instead, the claim was filed March 6, 2019, which is over a year too late. Thus, because the FCRA claim is time-barred, amendment would be futile. Accordingly, Defendant's motion to dismiss is **GRANTED** as to this claim and Plaintiffs' request for leave to amend is **DENIED.**

## IV. CONCLUSION

For these reasons, Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's Motion for Leave to File an Amended Complaint is **DENIED.** The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: November 5, 2019

EDWARD J. DAVILA
United States District Judge